UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 12-CR-10253-RWZ-1

UNITED STATES OF AMERICA

v.

KHYRON JOLLEY

ORDER

January 8, 2021

ZOBEL, S.D.J.

Defendant pled guilty to firearm and drug offenses pursuant to a plea agreement that included an agreed disposition of imprisonment for ten years and a period of supervised release of three years pursuant to Fed. R. Crim. 11(c)(1)(C). The Court imposed that sentence. Defendant has been in custody since his arrest on September 13, 2012. Because he is reaching the end of his imprisonment the Bureau of Prisons ("BOP"), on October 9, 2020, transferred him from USP Lee in Virginia to Coolidge House, a residential reentry center in Boston, Massachusetts. His release date from the latter institution is April 5, 2021. Nonetheless, he filed a motion for compassionate release. A hearing was held on January 7, 2021.

A motion for compassionate release may be granted upon a determination that there are "extraordinary and compelling reasons" to warrant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), and after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant suffers from asthma and alleges that the medical care at

1

Coolidge House has been insufficient to treat his condition. He has been placed in quarantine at least once because another inmate at Coolidge House tested positive for COVID-19. He argues that his medical condition establishes an "extraordinary and compelling reason" for sentence reduction because he is at greater risk for serious complications from COVID-19 should he contract it at the residential reentry center. Defendant also suggests that any additional quarantine period at Coolidge House would jeopardize his employment and frustrate his ability to successfully reintegrate into the community.

At the hearing on defendant's motion, the Court learned that the BOP had agreed to release defendant to home confinement on December 6, 2020. The standard conditions of the BOP's home confinement program would allow Mr. Jolley to work, attend rehabilitation programming, and participate in leisurely activities so long as he agrees to certain conditions, including electronic monitoring, until his release date on April 5, 2021. Defendant rejected the proffered release initially because of the electronic monitoring condition and instead filed the instant motion for compassionate release.

While he withdrew his objection to the ankle bracelet at the hearing, defendant continues to resist the BOP's offer to release because he prefers supervision by the Probation Department to that of the BOP. The former would reduce the time of supervision by three months as he would start the three-year period of supervision immediately. Defendant also expresses concern that the consequences of a violation of the terms of release may be more onerous under the BOP rules. These realities, even if they impact defendant's release in different ways do not establish any basis for

immediate release, let alone an extraordinary and compelling reason to warrant the exceptional remedy he seeks.

The Motion for Compassionate Release (Docket # 143) is DENIED.

January 8, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE